**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 20-CV-00389-WJM-GPG

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation,

   Plaintiff,

v.

PAUL B. JONES;
STEPHEN R. MEACHAM; and
WOMEN'S HEALTH CARE OF WESTERN COLORADO, PC, formally known as
ROBERT HACKETT, LOUIS IRVIN, STEPHEN MESCHAM, PAUL JONES, MECHAM
& JONES, PARTNERSHIP & GYNECOLOGICAL ASSOCIATION, formally known as
ROBERT HACKETT, STEPHEN MEACHAM, PAUL JONE, MEACHAM & JONES
PARTNERSHIP & GYNECOLOGICAL ASSOCIATION,

   Defendants.

---

**ORDER GRANTING DEFENDANT PAUL B. JONES'S MOTION FOR STAY**

---

This matter comes before the Court on Defendant Jones's motion and supplement (D. 70, D. 79)[1], Plaintiff St. Paul Fire and Marine Insurance Company's (St. Paul) response (D. 80) and Defendant Jones's reply (D. 81).  The motion has been referred to this Magistrate Judge.  (D. 71).[2]  The Court has reviewed the pending motion, supplement, response, and all attachments.  The Court

---

[1] "(D. 70)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case.  Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this nondispositive Order within fourteen (14) days.  Fed. R. Civ. P. 72(a).

has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary.  This Magistrate Judge GRANTS the motion for the reasons specifically set forth below.

I.    FACTS

The instant civil action arises from two state court cases wherein Defendant Jones was an obstetrician-gynecologist who allegedly performed multiple artificial insemination procedures using his sperm rather than from an anonymous donor.  (D. 70, pp. 3-4; D. 79).  Two separate civil actions were initiated against Defendants in the Mesa County District Court: *Emmons v. Jones*, 2019-CV-30459, and *Doe v. Jones*, 2021-CV-30134, in the Mesa County District Court.  (D. 60, pp. 1-2; D. 79-1, p. 2).  The *Emmons* action raises seven claims for relief: (1) medical negligence against Defendant Jones; (2) lack of informed consent against Defendant Jones; (3) fraud against Defendants Jones and Women's Health Care of Western Colorado, P.C. (WHC); (4) negligent misrepresentation against Defendants Jones and WHC; (5) breach of contract against Defendants Jones and WHC; (6) battery against Defendant Jones; and (7) outrageous conduct against Defendant Jones. (D. 70-1, pp. 12-17).  The second action, called the *Roberts* action, raises nine claims for relief:  (1) medical negligence against Defendant Jones; (2) fraud against Defendant Jones; (3) negligent misrepresentation against Defendant Jones; (4) breach of contract against Defendants Jones and WHC; (5) battery against Defendant Jones; (6) extreme and outrageous conduct against all Defendants, (7) negligence against Defendants Jones and Meacham; (8) breach of fiduciary duty against Defendant Jones; and (9) aiding and abetting in the breach of fiduciary duty against Defendant Meacham.  (D. 79-1, pp. 9-17).

Plaintiff seeks declaratory judgment regarding its obligation to defend, indemnify, or otherwise provide coverage under certain professional office package insurance policies and physicians professional liability policies to Defendants Jones, Meacham, and WHC for the *Emmons* action. (D. 60, p. 17). At the time of the filing of the Amended Complaint, the *Roberts* action had not yet been filed in state court. (D. 79). The declaratory judgment request also encompasses what has now been filed in state court as the *Roberts* action.

In this case, there are two policies at issue. The first, the professional office package policy, affords coverage for: (1) damage to WHC property; (2) commercial general liability coverage for bodily injury, property damage, personal injury, or advertising injury as defined in the policies; (3) damage caused by an automobile; and (4) employee dishonesty coverage for money and property loss. (D. 60, pp. 2-3). The second, the physician's professional liability policy, provides coverage for damages for claims made while the agreement was in effect (i.e., July 1, 1984) and that resulted from "the provision or withholding of professional services that were performed or should have been performed after the retroactive date of the policies." (D. 60, p. 3). Defendants Jones, Meacham, and WHC requested coverage under the policies for the *Emmons* action. (D. 60, p. 15). Plaintiff has agreed to defend Defendants Jones, Meacham, and WHC, but has reserved its rights to disclaim coverage and seek declaratory judgment regarding its rights and obligations. (*Id.*).

## II.    ANALYSIS

Defendant Jones seeks a stay of this case under the general discretion of the courts to allow a declaratory judgment case to proceed. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) ("[T]he Declaratory Judgment Act 'gave the federal courts competence to

make a declaration of rights; it did not impose a duty to do so.'") (citation omitted).   The Declaratory Judgment Act vests federal courts with the power and competence to issue a declaration of rights.  *See Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962); 28 U.S.C. § 2201. The question, however, is whether this power should be exercised, and such a decision is vested in the sound discretion of the district courts.  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  Indeed, the United States Supreme Court has noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).  Instead, the district court should determine whether the lawsuit "can better be settled in the proceeding pending in the state court." *Id.*  The courts must balance the interests of the plaintiff in proceeding in the litigation against the interests of the defendant who may be prejudiced in the state proceeding by such a declaratory judgment.  *See, e.g., AIG Life Ins. Co. v. Phillips*, No. CIV.A. 07-CV-00500PS, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007).

The Court must first determine whether an "actual controversy" exists. *See MedImmune, Inc. v. Genetech, Inc.,* 549 U.S. 118 (2007). In *MedImmune,* the Supreme Court reiterated that the dispute must be:

> definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Id.* at 127 (internal quotation marks and alterations omitted). Given the pendency of both the *Emmons* action and the *Roberts* action, this Court finds that the requirement of an actual controversy is satisfied.

Next, the Court must examine whether the matter should be heard in federal court or whether the matter can satisfactorily be adjudicated in the state court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *see Mhoon*, 31 F.3d at 983. In balancing such interests of the litigating parties, courts in the Tenth Circuit have considered the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Runyon*, 53 F.3d at 1169 (quoting *Mhoon*, 31 F.3d at 983). Additionally, the District Court of Colorado has noted that:

> Colorado law is instructive on the propriety of maintaining anticipatory declaratory judgment actions in the insurance context and provides that a factor to consider is whether the declaratory action "is independent of and separable from the underlying action . . . Under Constitution Associates, a declaratory judgment action is not independent and separable and is thus inappropriate "where it could unduly prejudice the insured in the underlying action.

*Am. Fam. Mut. Ins. Co. v. Teamcorp, Inc.*, No. CIV.A. 07-CV-00200-P, 2007 WL 3024446, at *2 (D. Colo. Oct. 16, 2007) (citing *Constitution Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 561 (Colo. 1997)).

Regarding the first factor, this court finds that declaratory judgment would resolve the controversy. Plaintiff claims that it has no duty to defend Defendants in the state court actions and such a declaration by this Court would resolve and settle that controversy. *See Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991) ("The appropriate course of action for

an insurer who believes that it is under no obligation to defend, is to provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy, or to file a declaratory judgment action after the underlying case has been adjudicated."). Furthermore, this controversy contains a current justiciable issue or existing controversy, rather than a mere possibility of a future claim. Thus, the first factor tips in favor of granting Defendant Jones's motion for a stay.

Regarding the second factor, the Court also finds that declaratory judgment would serve a useful purpose in clarifying legal relationships at issue. Indeed, a "declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act." *W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968). And a declaratory judgment on the issue of the insurer's duty to defend "would settle the controversy of the availability of insurance coverage for this event, and in doing so would serve the useful purpose of clarifying important legal relations now at issue." *Addison Ins. Co. v. Maynard*, No. CIV.A. 08-CV-00054-W, 2008 WL 2079143, at *4 (D. Colo. May 15, 2008). Declaratory judgment in the instant case would provide a useful purpose by promptly clarifying the legal relationship between the parties. Thus, the second factor tips in favor of granting Defendant Jones's motion for a stay.

As to the third factor, whether the declaratory judgment is being used merely for "procedural fencing" or "to provide an arena for a race to res judicata," neither party argues that Plaintiff is engaging in such conduct, and this Court does not perceive that it is. The second portion of this factor, res judicata, will be addressed below concerning the fourth factor.

It is upon the analysis of the fourth factor, whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state court

jurisdiction, that this decision turns.  A federal court will generally not entertain jurisdiction in a declaratory action if identical issues are involved in another pending state court proceeding.  *Teel,* 391 F.2d at 766.  A federal court, however, is an appropriate venue for an insurer to litigate questions regarding its duties under a policy, even if the federal action implicates an ongoing state court case.  *Mhoon,* 31 F.3d 983-84.

Analysis under the fourth *Mhoon* factor requires a decision as to whether a federal action would unduly interfere with the state court action.  *Id.* at 984.  The federal court should stay or dismiss an anticipatory declaratory judgment action if it would require the federal court to make a factual finding material to the underlying state court action. *Id.*  Similarly, the federal court should stay or dismiss if the federal court action would place the insured in a "Catch-22" such as if the insured was required to take a position that would ultimately undermine his interests in the underlying case.  *See Addison Ins. Co*., 2008 WL 2079143, at *4 ("The determination of coverage is not independent and separable if, for example, the insured must argue that his actions were negligent (rather than intentional) to establish coverage, because admitting negligence for purposes of coverage could prejudice him in the underlying action.").  A crucial component in this analysis is whether "there are factual matters relating to key issues for coverage that are being developed in the state court."  *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, No. 1:17-CV-00842 WJ/SCY, 2017 WL 5468670, at *4 (D.N.M. Nov. 14, 2017).

As outlined by Defendant Jones, he is in the position of potentially undermining his ability to seek coverage based on a determination of whether his actions were in the performance of professional or health care services.  (D. 70, pp. 7-8).  As Defendant Jones argues, to maintain coverage by Plaintiff, he must take the position that the alleged conduct did not constitute professional or health care services.  (*Id*. at p. 7).  It is exactly this type of determination that the

declaratory judgment action seeks to clarify, and that would unduly interfere with the state court actions.  (*See* D. 60, p. 15).  Similarly, at issue is whether Defendant Jones's actions were negligent or intentional, and such a determination would increase friction between the parallel state and federal cases.  The danger that this Court's rulings on those issues would interfere with the state court actions is too great to allow this declaratory judgment action to proceed.  If forced to defend against this declaratory judgment action at this time, the Court finds that Defendant Jones would be untenably placed in the Catch-22 of having to make assertions contrary to his interests in the state cases, thus exposing him to liability on that matter.  Thus, the fourth factor tips in favor of granting Defendant Jones's motion for a stay.

As to the fifth *Mhoon* factor*,* whether there is an alternative remedy that is better or more effective, this factor is not at issue.  Defendant Jones does not request dismissal, only a stay.  While the Court does not seek to diminish the importance of a stay in this context, Plaintiff will have access to this forum at the appropriate time to resolve this issue-just not now.

III.    CONCLUSION

For the foregoing reasons, this Magistrate Judge GRANTS Defendant Jones's motion for a stay.  (D. 70).  Further proceedings in this case are STAYED pending the determination of the *Roberts* and *Emmons* actions in the Mesa County District Court.

Dated at Grand Junction, Colorado this July 13, 2021.

_____
Gordon P. Gallagher
United States Magistrate Judge