**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0389-WJM-GPG

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation,

    Plaintiff,

v.

PAUL B. JONES;
STEPHEN R. MEACHAM; and
WOMEN'S HEALTH CARE OF WESTERN COLORADO, PC, formerly known as ROBERT HACKETT, LOUIS IRVIN, STEPHEN MEACHAM, PAUL JONES, MEACHAM & JONES, PARTNERSHIP & GYNECOLOGICAL ASSOCIATION, formerly known as ROBERT HACKETT, STEPHEN MEACHAM, PAUL JONES, MEACHAM & JONES PARTNERSHIP & GYNECOLOGICAL ASSOCIATION,

    Defendants.

---

**ORDER SUSTAINING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER**

---

This matter is before the Court on Plaintiff St. Paul Fire and Marine Insurance Company's ("St. Paul") Objection (ECF No. 95) to United States Magistrate Judge Gordon P. Gallagher's August 14, 2017 Order Granting Defendant Jones's Motion to Stay (ECF No. 89).

For the reasons set forth below, St. Paul's Objection is sustained, and Defendant Jones's Motion to Stay is denied.

## I. RULE 72(a) STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.

§ 636(b)(1)(A); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.,* 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988). The "contrary to law" standard permits "plenary review as to matters of law." *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.,* 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019); *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update).

## I. BACKGROUND

St. Paul seeks a judicial declaration that it has no obligations under certain insurance policies to defend or indemnify Dr. Paul B. Jones, Dr. Stephen R. Meacham, or Women's Health Care of Western Colorado, P.C. ("WHC") (collectively, "Defendants") with respect to claims in two underlying lawsuits initiated against Defendants in Mesa County District Court: *Emmons v. Jones*, 2019-CV-30459, and *Doe v. Jones*, 2021-CV-30134 (jointly, "Underlying Actions"). (ECF Nos. 1 & 60.)

The allegations in the Underlying Actions arise from Jones's performance of multiple artificial insemination procedures between 1975 and 1990, during which he allegedly used his own sperm despite telling his clients he would use sperm from an anonymous donor. The *Emmons* action raises seven claims: medical negligence against Jones; lack of informed consent against Jones; fraud against Jones and WHC; negligent misrepresentation against Jones and WHC; breach of contract against Jones and WHC; battery against Jones; and outrageous conduct against Jones. (ECF No. 70-

2

1 at 12–17).  The *Roberts* action raises nine claims: medical negligence against Jones; fraud against Jones; negligent misrepresentation against Jones; breach of contract against Jones and WHC; battery against Jones; extreme and outrageous conduct against Jones, WHC, and Meacham; negligence against Jones and Meacham; breach of fiduciary duty against Jones; and aiding and abetting in the breach of fiduciary duty against Meacham.  (ECF No. 79-1 at 9–17).

St. Paul seeks a judicial declaration that it has no obligation to defend or indemnify Defendants in the Underlying Actions under insurance policies St. Paul issued to Defendants.  (ECF No. 60.)  Two types of insurance policies are at issue in this action: the professional office package policies issued to WCH ("Office Policies") and the physicians' professional liability policies issued to Jones and Meacham ("Physicians' Policies").  (*Id.*)

The Office Policies afford coverage for "bodily injury, property damages, personal injury, and advertising injury, subject to each policy's terms and conditions."  (*Id.* at 9.)  These policies contain provisions that bar coverage for injuries resulting from, among other things, professional services, health care services, intentional bodily injury, deliberately breaking the law, breaches of contract, and poor performance.  (*Id.* at 12–13.)

The Physicians' Policies afford coverage for damages for claims made while the policies were in effect that resulted from "the provision or withholding of professional services."  (*Id.* at 3.)  The last of the Physicians' Policies ended July 1, 1984.  (*Id.*)  The Underlying Actions were first brought decades after these policies expired.  (*Id.* at 4.)

Defendants requested insurance coverage for the Underlying Actions under the

3

Office Policies and Physicians' Policies. (*Id.* at 3.) St. Paul agreed to defend Defendants under the Office Policies subject to a full reservation of rights and disclaimed coverage under the Physicians' Policies. (*Id.* at 15–16.)

St. Paul seeks declaratory judgment regarding its obligation to defend, indemnify, or otherwise provide coverage to Defendants in the Underlying Actions. (ECF Nos. 60 & 88.)

Jones filed a Motion to Stay on April 23, 2021. (ECF No. 70.) St. Paul responded (ECF No. 80), Jones replied (ECF No. 81.), and Judge Gallagher granted the motion (ECF No. 89). On August 12, 2021, St. Paul filed its Objection to Judge Gallagher's Order. (ECF No. 95.) Jones filed a response to St. Paul's Objection on August 19, 2021. (ECF No. 96.)

## II. LEGAL STANDARD

The Declaratory Judgment Act provides a district court with the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *see also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

The Tenth Circuit has provided "substantial guidance" to district courts considering the appropriateness of jurisdiction in a declaratory action. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The *Mhoon* court detailed a

4

list of five factors for district courts to consider in evaluating whether to exercise jurisdiction over declaratory actions:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983 (citations omitted).

### III. ANALYSIS

St. Paul raises numerous objections to Judge Gallagher's Order Granting Defendant Jones's Motion to Stay. (ECF No. 95.) St. Paul argues that Judge Gallagher (1) erroneously concluded that the first and second *Mhoon* factors "tip in favor of granting Defendant Jones's motion"; (2) erroneously failed to properly weigh the third and fifth *Mhoon* factors; (3) misapplied the fourth *Mhoon* factor; and (4) improperly used state law in his analysis of the federal Declaratory Judgment Act. (*Id.*)

**A.   First Two Factors**

The first two *Mhoon* factors, whether a declaratory action will "settle the controversy" and whether "it would serve a useful purpose in clarifying the legal relations at issue," are best considered together. The Tenth Circuit holds that these two factors "are necessarily driven by the degree of identity of parties and issues in the concurrent proceedings." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

In this case, a declaratory judgment would "settle the controversy" between St. Paul and Defendants. At the conclusion of this case, the Court would determine

5

whether St. Paul is obligated to defend or indemnify Defendants. Either way, the controversy between St. Paul and Defendants in this action would be resolved. Therefore, the first *Mhoon* factor weighs against granting the Motion to Stay. *Mhoon*, 31 F.3d at 983; *see also TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1196 (D. Colo. 2018) (reasoning that the first *Mhoon* factor weighs in favor of dismissal when a declaratory judgment "would not resolve the entirety of the dispute."); *Bd. of Cnty. Comm'rs of Cnty. of Boulder v. Rocky Mountain Christian Church*, 481 F. Supp. 2d 1181, 1188 (D. Colo. 2007) (reasoning that first *Mhoon* factor weighs against granting a motion to stay when declaratory judgment would settle the controversy to some extent.).

Judge Gallagher found that "declaratory judgement would resolve the controversy." (ECF No. 89 at 5.) But he concluded that the first *Mhoon* factor "tips in favor of granting Defendant Jones's motion to stay." (*Id.* at 6.) The Court finds that Judge Gallagher's conclusion was contrary to law, as in fact the first *Mhoon* factor weighs against granting the Motion to Stay.

The second *Mhoon* factor also weighs against granting the Motion to Stay because declaratory action would "serve a useful purpose in clarifying the legal relations at issue." *Mhoon*, 31 F.3d at 983. One of the primary purposes of the Declaratory Judgment Act is to provide an insurer with a forum to establish nonliability. *Horace Mann Ins. Co. v. Johnson By & Through Johnson*, 953 F.2d 575 (10th Cir. 1991). A declaratory judgment on the issue of St. Paul's duty to defend and indemnify Defendants would be useful in clarifying important legal relations between St. Paul and Defendants. Therefore, the second *Mhoon* factor also weighs against granting the

6

Motion to Stay.  *Mhoon*, 31 F.3d at 983; *see also TBL Collectibles*, 285 F. Supp. 3d at 1196 (holding that the second *Mhoon* factor weighs in favor of dismissal when it is "not clear that . . . declaratory relief would serve any useful purpose").

Judge Gallagher found that "declaratory judgement would serve a useful purpose."  (ECF No. 89 at 5.)  But he concluded that the second *Mhoon* factor "tips in favor of granting Defendant Jones's motion to stay."  (*Id.* at 6.)  Judge Gallagher's conclusion here was contrary to law, as the second *Mhoon* factor also weighs against granting the Motion to Stay.

**B.    Third Factor**

The third *Mhoon* factor asks the Court to consider whether the declaratory action was filed as "procedural fencing" or to create a "race to *res judicata*."  *Mhoon*, 31 F.3d at 983.  Judge Gallagher found that "neither party argues that Plaintiff is engaging in such conduct, and this Court does not perceive that it is."  (ECF No. 89 at 6.)  But he did not determine whether this factor weighs in favor or against granting the Motion to Stay.  St. Paul argues in its Objection that Judge Gallagher erred by failing to conclude that this factor weighs against ordering a stay.

The Court finds that the third *Mhoon* factor also weighs against granting the Motion to Stay, because the Court finds no indication that St. Paul filed this declaratory action as "procedural fencing" or to create a "race to *res judicata*."

**C.    Fourth Factor**

The fourth *Mhoon* factor asks the Court to consider "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction."  *Mhoon*, 31 F.3d at 983.  Judge Gallagher

7

found that this factor weighed in favor of granting a stay.  (ECF No. 89 at 8.)  He reasoned that proceeding with the declaratory action would place Jones in a "Catch-22" because he would need to take opposite positions in the declaratory action and the Underlying Actions.  (ECF No. 89 at 7 (citing *Addison Ins. Co. v. Maynard*, 2008 WL 2079143, at *4 (D. Colo. May 15, 2008)).)  Specifically, Judge Gallagher found that Jones would have to take opposite positions regarding (1) whether the alleged conduct constituted professional or health care services, and (2) whether the alleged conduct was intentional or negligent.  (*Id.*)

St. Paul argues in its Objection that Judge Gallagher erred by relying in part on state law in his interpretation of the Federal Declaratory Judgment Act.  (ECF No. 11.)  St. Paul is correct that federal law, not state law, governs whether to retain jurisdiction over a declaratory action.  *Addison Ins. Co. v. Rippy*, 2009 WL 723322, at *3 (D. Colo. Mar. 18, 2009).  But many courts have found that "Colorado law is instructive on the propriety of maintaining anticipatory declaratory judgment." *Id.*; *see also Am. Family Mut. Ins. Co. v. Teamcorp, Inc.*, 2007 WL 3024446 at *2 (D.Colo. Oct.16, 2007).  As a consequence the Court finds that Judge Gallagher's application of Colorado law to inform his analysis of the *Mhoon* factors is not clearly erroneous or contrary to law.

In determining whether to retain jurisdiction when a declaratory action implicates an ongoing state court case, the Tenth Circuit's reasoning in *Mhoon* is instructive.  In *Mhoon*, an insurer sued its insured in federal court seeking a declaratory judgment that the insured was not entitled to insurance coverage due to an intentional-acts exclusion in the insured's homeowner's insurance policy.  *Id.* at 981–984.  The insured had allegedly shot his neighbor, and the neighbor brought a civil action in state court

alleging various torts. *Id.* at 982. While the civil case was ongoing, the insurer filed its declaratory action in federal district court alleging that the insured had shot his neighbor intentionally and that the insurance policy only covered accidental harms. *Id.* The district court retained jurisdiction and granted summary judgment in favor of the insurer. *Id.*

The Tenth Circuit reviewed the district court's retention of jurisdiction and judgment on the merits. *Id.* at 981. The district court had ruled on questions that were "before both state and federal courts simultaneously," including whether the insured had acted intentionally while committing tortious acts. *Id.* at 983. The Tenth Circuit affirmed both the retention of jurisdiction and the disposition of the case on the merits. *Id.* at 987. Justice Byron White reasoned that "a live need for a declaration of . . . rights and duties did, in fact, exist," and "that there [was] a substantial interest in deciding the issues without undue delay, particularly the question of the duty to defend." *Id.* at 984 (citation omitted).

Jones's concern that a finding that his alleged actions were intentional or negligent in the declaratory action will prejudice him in the Underlying Actions is valid, but that concern must be balanced against the "substantial interest" in deciding whether St. Paul has a duty to defend. *Id.* at 984. For all these reasons the Court concludes that the fourth *Mhoon* factors weighs slightly in favor of granting the Motion to Stay.

**D.    Fifth Factor**

The fifth *Mhoon* factor asks the court to consider "whether there is an alternative remedy which is better or more effective." *Mhoon*, 31 F.3d at 983. Analysis of this factor typically hinges on the question of whether there is another ongoing proceeding

that could more effectively address the issues presented in the declaratory action claim. *Esurance Prop. & Cas. Ins. Co. v. Palm*, 2021 WL 4477686, at *7 (D. Colo. Sept. 30, 2021) (finding an "alternate remedy which is better or more effective" where parties interests can be addressed in a parallel proceeding); *Ark. River Power Auth. v. City Of Raton, N.M.*, 2008 WL 681471, at *2 (D. Colo. Mar. 7, 2008) (reasoning that fifth *Mhoon* factor weighs in favor of granting motion to stay when state action provides a better opportunity for a complete and efficient resolution of the parties' dispute.)

Judge Gallagher found that the fifth *Mhoon* factor "is not at issue" because "Jones does not request dismissal, only a stay." (ECF No. 89 at 8.)  St. Paul argues in its Objection that Judge Gallagher erred by not giving this factor weight in his balancing of the *Mhoon* factors.  (ECF No. 95 at 10.)

The Court finds no support for the view that the fifth *Mhoon* factor should be treated as irrelevant in the context of a motion to stay.  To the contrary, courts typically do consider this factor in the context of a motion to stay.  *See EagleDirect Mktg. Sols., Inc. v. Engenus NA LLC*, 2008 WL 1801168, at *2 (D. Colo. Apr. 17, 2008) (denying a motion to stay, reasoning that the fifth *Mhoon* factor does not weigh in favor of granting a stay when no alternate forum has been shown provide a better or more effective way to resolve the dispute); *Minn. Laws. Mut. Ins. Co. v. King*, 2010 WL 4449371, at *4 (D. Colo. Nov. 1, 2010) (denying a motion to stay, reasoning that the fifth *Mhoon* factor does not weigh in favor of granting a stay when there is "no indication . . . there is a better or more effective alternative remedy").

In this case, the fifth *Mhoon* factor weighs against granting the Motion to Stay, because the Court finds no indication that there is a better or more effective alternate

remedy.

Given the foregoing, the Court finds that the first, second, third, and fifth *Mhoon* factors weigh against granting the Motion to Stay, and only the fourth factor weighs slightly in favor of granting it. As a consequence, the Court concludes that a stay of these proceedings is not appropriate at this time, and therefore the Court sustains St. Paul's Objection and denies Jones's Motion to Stay.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to Magistrate Judge's Order Granting Defendant Jones's Motion to Stay (ECF No. 95) is SUSTAINED;

2. Defendant Jones's Motion to Stay (ECF No. 70) is DENIED;

3. The stay order is LIFTED; and

4. By no later than **November 23, 2021**, the parties shall contact Judge Gallagher's chambers to set a status conference, or such other proceeding as Judge Gallagher deems appropriate to move this action forward.

Dated this 19th day of November, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge