IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00389-WJM-GPG

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
a Connecticut corporation,

        Plaintiff,

v.

PAUL B. JONES;
STEPHEN R. MEACHAM and
WOMEN'S HEALTH CARE OF WESTERN COLORADO,
PC, formally known as ROBERT HACKETT, LOUIS
IRVIN, STEPHEN MESCHAM, PAUL JONES, MECHAM
& JONES, PARTNERSHIP & GYNECOLOGICAL
ASSOCIATION, formally known as ROBERT HACKETT,
STEPHEN MEACHAM, PAUL JONE, MEACHAM &
JONES PARTNERSHIP & GYNECOLOGICAL
ASSOCIATION,
        Defendant.

---

## PLAINTIFF'S <u>UNOPPOSED</u> MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

St. Paul Fire and Marine Insurance Company ("St. Paul") respectfully requests that the

Court stay discovery in this matter pending resolution of its Motion for Summary Judgment

(ECF 111), and in support states:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for St. Paul conferred with counsel for the

remaining Defendants[1] regarding the relief requested in this Motion and is authorized to represent that this Motion is **unopposed**.

<u>**INTRODUCTION AND PROCEDURAL BACKGROUND**</u>

This matter arises out of a dispute between St. Paul and Defendants regarding the availability of coverage under certain professional office package insurance policies and certain physicians professional liability policies for defense and indemnification with respect to three lawsuits against Defendants. (*See generally* 3d Am. Compl. for Dec. J., Dec. 28, 2021 (ECF 102).) St. Paul asserts a single claim for relief for a declaratory judgment that it owes no defense or indemnification obligations to Defendants under the relevant policies related to those three lawsuits. (*See id.* ¶¶ 114-120 & WHEREFORE ¶ p. 27.)

On February 11, 2022, St. Paul filed its Motion for Summary Judgment. (*See generally* Pl. St. Paul's Mot. for Summ. J., Feb. 11, 2022 (ECF 111) (the "MSJ").) By the MSJ, St. Paul asks the Court to enter judgment in its favor on its only claim—for declaratory judgment—and rule that, as a matter of law, St. Paul owes Defendants no defense or indemnification obligations under the subject polices with respect to the subject lawsuits. The Court twice extended Defendants' deadline to respond to the MSJ in order for them to conduct certain discovery, and their responses are currently due on September 30, 2022. (*See* Order Granting [121] Mot. for Extension of Time to File Resp./Reply as to [111] Mot. for Summ. J., June 21, 2022 (ECF 123).)

The Court also modified the scheduling order such that the following discovery deadlines apply: (1) September 23, 2022 – deadline to designate affirmative experts; (2) October 24, 2022

---

[1] St. Paul and former Defendant Stephen R. Meacham have settled and stipulated to dismissal with prejudice of St. Paul's claims against Defendant Meacham. (*See* Stip. For Dismissal of Cls. Against Stephen Meacham with Prejudice, Sept. 9, 2022 (ECF 134).)

– deadline to designate rebuttal experts; (3) November 14, 2022 – deadline to complete

discovery; and (4) February 24, 2023 – deadline to file dispositive motions. (*See* Order Granting

[127] Motion to Am./Correct/Modify, July 25, 2022 (ECF 129).) A pretrial conference in this

matter is set for June 22, 2023. (*See* Minute Order, Aug. 9, 2022 (ECF 131).)

## <u>LEGAL STANDARD</u>

A stay of discovery is an appropriate exercise of the Court's discretion. *See Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254-55 (1936).

> The power to stay proceedings is incidental to the power inherent
> in every court to control the disposition of the causes on its docket
> with economy of time and effort for itself, for counsel, and for
> litigants. How this can best be done calls for the exercise of
> judgment, which must weigh competing interests and maintain an
> even balance.

*Id.*, *citing Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). Although stays of

discovery are generally disfavored in this District, this Court will more readily exercise is

discretion to stay discovery while a dispositive motion is pending. *See Vivid Techs., Inc. v. Am.*

*Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be

dispositive, the court may stay discovery concerning other issues until the critical issue is

resolved."); *Wason Ranch Corp. v. Hecla Mining Co.*, 2007 WL 1655362, at *1 (D. Colo. June

6, 2007) ("A stay of all discovery is generally disfavored in this District."); *String Cheese*

*Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (holding

that thirty day stay of discovery was appropriate when motion to dismiss for lack of personal

jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201

F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive

motion is an eminently logical means to prevent wasting the time and effort of all concerned and

to make the most efficient use of judicial resources.") (internal quotation omitted); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (noting stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

When determining whether to stay all discovery, this Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese*, 2006 WL 894955, at *2, *citing FDIC v. Renda*, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).

Here, the Court's resolution of the MSJ will resolve all disputed issues in this lawsuit. St. Paul either owes Defendants defense and indemnification, or it does not. Proceeding with expert and fact discovery would likely waste the Parties' and perhaps the Court's resources given that no more discovery is needed for the Court to determine as a matter of law the only dispute presented in this case: namely, whether St. Paul owes Defendants any defense and indemnification obligations. Nor would any Party be prejudiced by staying discovery pending resolution of the MSJ. To the contrary, the Parties will benefit from avoid the cost and effort of any further discovery. The Court should therefore stay discovery pending finalizing briefing of and issuing an order on the MSJ.

## ARGUMENT

The *String Cheese* factors weigh in favor of granting this Motion. *See String Cheese*, 2006 WL 894955, at *2.

As to the first factor, of course St. Paul has an interest in proceeding expeditiously with

this matter. *See id.* But St. Paul not only does not oppose a stay of discovery, it requests one by way of this Motion. Therefore, the first factor weighs in favor of staying discovery. *See id.*

As to the second factor, staying discovery would not impose any undue burden on Defendants, who do not oppose this Motion. *See id.* Rather, proceeding with any additional fact or expert discovery will be wasteful because any ruling on the MSJ will resolve the only dispute in this case regarding St. Paul's defense and indemnification obligations. The second factor therefore also weigh in favor of staying discovery. *See id.*

As to the third factor, it is more convenient for the Court to stay discovery until it is clear that the case will proceed after a ruling on the MSJ. *See Chavous*, 201 F.R.D. at 5 (holding that staying discovery pending decision on a dispositive motion that would resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). In the unlikely event the Court's ruling on the MSJ does not resolve all disputed issues regarding St. Paul's defense and indemnification obligations, it is likely that ruling will be issued in sufficient time for the Parties' to complete any additional discovery needed to address whatever issues remain without jeopardizing the June 22, 2023 pretrial conference date. Thus, the third factor also weighs in favor of staying discovery. *See String Cheese*, 2006 WL 894955, at *2.

As to the fourth factor, there are no nonparties with significant particularized interests in this case. St. Paul acknowledges that, if St. Paul owes Defendants defense and indemnification obligations, Defendants will be able to look to St. Paul to satisfy at least some portion of any judgments against them and in favor of the plaintiffs in the underlying lawsuits. But a stay does not jeopardize whether and the extent to which those plaintiffs will be able to seek recovery from

St. Paul because that issue will be resolved by the Court's ruling on the MSJ. For this reason, delaying discovery in this case will not affect the plaintiffs in the underlying lawsuits, and therefore the fourth factor is neutral and weighs neither for nor against staying discovery. *See id.*

As to the fifth and final factor, the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful discovery that will be unnecessary if the Court grants the MSJ clearly serves that interest. The fifth factor therefore weighs in favor of staying discovery. *See id.*

In sum, all but one of the *String Cheese* factors weighs in favor of staying discovery pending a ruling on the MSJ, and the other factor is neutral. A stay is therefore consistent with judicial economy, efficiency, fairness, and justice interests and is an appropriate exercise of this Court's discretion.

## <u>CONCLUSION</u>

Either St. Paul owes Defendants defense and indemnification as to the underlying lawsuits against them, or it does not. No more discovery is needed for the Court to makes its legal determination as to this issue that is dispositive of this entire case. A stay of discovery is therefore appropriate.

For these reasons, Plaintiff St. Paul Fire and Marine Insurance Company respectfully requests that the Court grant this Motion and enter an order that:

(1) All fact and expert discovery is stayed pending completion of briefing of and entry of an order on the MSJ; and

(2) If the Court's order on the MSJ does not resolve all disputed issues in this case, the Parties must file within fourteen days of the Court's order on the MSJ a status report

advising the Court of any outstanding discovery needed to address any remaining

issues and requesting that the Court establish deadlines to disclose affirmative and

rebuttal experts, complete discovery, and file any other dispositive motions.

Dated: September 22, 2022.                          Respectfully submitted,


*s/ Nathaniel Scott Barker*
Evan Bennett Stephenson
Nathaniel Scott Barker
Spencer Fane LLC
1700 Lincoln Street, Suite 2000,
Denver, CO 80203
Telephone:   303.839.3800
Facsimile:  303.839.3838
Email:   estephenson@spencerfane.com


Attorneys for Plaintiff St. Paul Fire and Marine
Insurance Company

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

      I HEREBY CERTIFY that on September 22, 2022, I electronically filed the foregoing **PLAINTIFF'S <u>UNOPPOSED</u> MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeremy Andrew Sitcoff**
  jas@levinsitcoff.com, kjh@levinsitcoff.com, naw@levinsitcoff.com, nrp@levinsitcoff.com

- **Barrett Weisz**
  weiszllc@gmail.com, gail@ramoslaw.com

*s/ Nathaniel Scott Barker*
Nathaniel Scott Barker